# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-983V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
CASEY HUMPHREYS *on behalf of*, E.H.,            *
*a minor*,                                       *
                                                 *    Filed: April 16, 2018
              Petitioner,                        *
                                                 *
       v.                                        *
                                                 *    Table Injury Claim;
SECRETARY OF HEALTH AND                          *    Vaccine Program Entitlement;
HUMAN SERVICES,                                  *    Dismissal Without a Hearing.
                                                 *
              Respondent.                        *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Voris E. Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ORDER DISMISSING TABLE INJURY CLAIM FOR INSUFFICIENT PROOF[1]

On July 21, 2017, Casey Humphreys filed a petition on behalf of her minor child, E.H., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] ECF No. 1. Petitioner alleged that E.H. experienced a vaccine-induced idiopathic thrombocytopenia ("ITP") as a result of receiving a measles-mumps-rubella ("MMR") vaccination on July 10, 2015, or alternatively that the vaccine significantly aggravated E.H.'s condition. Petitioner alleged both a Table Injury and Non-Table Injury claim based on the same factual circumstances.

---

[1] Although, I have not designated this for publication, because this Order contains a reasoned explanation for my actions in this case, it will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On January 19, 2018, Respondent filed his Rule 4(c) report disputing that compensation was appropriate in this case. *See* Respondent's Report, filed on Jan. 19, 2018 (ECF No. 12). In that report, Respondent specifically noted that to qualify for compensation based upon an ITP/MMR Table injury, Petitioner would need to show that the first manifestation of onset of the condition occurred "not less than seven days and not more than 30 days" after vaccination, as evidenced by clinical manifestations. *Id.* at 5. But, Respondent asserted, the medical record documented that E.H. presented with purpura symptoms *more than 50 days* following vaccination. *Id.*; *see* Ex. 3 (ECF No. 7-3) at 8; Ex. 9 (ECF No. 15-1) at 2 (affidavit confirming symptom presentation as roughly two months post-vaccination).

During a status conference in this matter held on February 2, 2018, the parties discussed the viability of Petitioner's Table Claim based upon the requirements noted above. I instructed Petitioner to file a brief in support of her Table Claim, responding to Respondent's noted deficiencies by March 2, 2018. On March 29, 2018 (after one extension of time), and rather than filing a brief, Petitioner filed a status report indicating that she no longer wished to pursue a Table Claim in this matter given the lack of support for such a claim in the medical record. *See* Status Report, filed on Mar. 29, 2018 (ECF No. 16). She otherwise requested that she be allowed to continue with her claim by filing an expert opinion in this case, supporting her Non-Table Injury claim. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that supports the conclusion that E.H. suffered a "Table Injury" based upon undisputed facts. Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on his claims alone. In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof with regard to the Table Injury claim. Petitioner's Table Injury claim therefore cannot succeed and must be dismissed.

Moving forward, Petitioner shall file an expert report in support of her Non-Table Injury claim **on or before July 31, 2018**.

**Accordingly, Petitioner's Table Injury claim is dismissed for insufficient proof.**

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master