# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 5, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| CASEY HUMPHREYS, on behalf of | * | |
| E.H., a minor, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-983V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; |
| AND HUMAN SERVICES, | * | Measles, Mumps, and Rubella ("MMR") |
| | * | Vaccine; Idiopathic Thrombocytopenia |
| Respondent. | * | ("ITP"). |
| | * | |
| * * * * * * * * * * * * * * | * | |

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
Voris E. Johnson, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION BASED ON STIPULATION**[1]

On July 21, 2017, Casey Humphreys ("Petitioner"), on behalf of E.H., a minor, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a measles, mumps, and rubella ("MMR") vaccine administered on July 10, 2015, E.H. developed idiopathic thrombocytopenia ("ITP"). Petition at Preamble (ECF No. 1).

On July 1, 2022, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 99). Respondent denies that E.H. sustained an ITP Table

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

injury; denies that any vaccine caused E.H.'s alleged ITP, or any other injury; and denies that E.H.'s current condition is a sequelae of a vaccine-related injury. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(1) **A lump sum of $55,000.00 in the form of a check payable to Petitioner, Casey Humphreys, as guardian/conservator of E.H.'s estate, however, no payment shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as guardian/conservator of E.H.'s estate; and**

(2) **A lump sum of $2,390.59,[3] representing reimbursement of a Medicaid lien for services rendered to E.H. by the State of Arkansas, in the form of a check payable jointly to Petitioner and:**

**Arkansas Department of Health and Human Services
Division of Medical Services, Third Party Liability Unit
P.O. Box 1437, Slot S-296
Little Rock, AR 72203-1437
Re: Elijah Humphreys, Case No. 202003641**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

                                                       **s/Nora Beth Dorsey**
                                                       Nora Beth Dorsey
                                                       Special Master

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arkansas may have against any individual as a result of any Medicaid payments the State of Arkansas has made to, or on behalf of, E.H. as a result of his alleged vaccine-related injury, under Title XIX of the Social Security Act, see § 15(g), (h).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CASEY HUMPHREYS, on behalf of E.H., a minor, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 17-983V **(ECF)** ) Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) |
| Respondent. | ) ) ) |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Casey Humphreys ("petitioner"), on behalf of her minor son, E.H., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following E.H.'s receipt of a measles-mumps-rubella ("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2. E.H. received the MMR vaccine on July 10, 2015.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that E.H. sustained the first symptom or manifestation of onset of immune thrombocytopenic purpura ("ITP") within the time period set forth in the Table for the MMR vaccine, or alternatively that the MMR vaccine caused-in-fact E.H.'s ITP. Petitioner

---

[1] On the same date, E.H. received Varicella, Hepatitis A, DTaP/Hib/IPV, and pneumococcal conjugate vaccines.

further alleges that E.H. experienced the residual effects of his ITP for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on E.H.'s behalf as a result of his condition.

6. Respondent denies that E.H. sustained an ITP Table injury; denies that any vaccine caused E.H.'s alleged ITP, or any other injury; and denies that E.H.'s current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> A. A lump sum of $55,000.00 in the form of a check payable to petitioner, Casey Humphreys, as guardian/conservator of E.H.'s estate, however, no payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of E.H.'s estate; and
>
> B. A lump sum of $2,390.59,[2] representing reimbursement of a Medicaid lien for services rendered to E.H. by the State of Arkansas, in the form of a check payable jointly to petitioner and:

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arkansas may have against any individual as a result of any Medicaid payments the State of Arkansas has made to, or on behalf of, E.H. as a result of his alleged vaccine-related injury, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

Arkansas Department of Health and Human Services
Division of Medical Services, Third Party Liability Unit
P.O. Box 1437, Slot S-296
Little Rock, AR 72203-1437
Re: Elijah Humphreys, Case No. 202003641

Petitioner agrees to endorse this check to the Arkansas Department of Health and Human Services, Division of Medical Services.

The amounts above represent compensation for all damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of E.H., as contemplated by a strict construction of 42 U.S.C. §

3

300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of E.H.'s estate under the laws of the State of Arkansas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of E.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of E.H.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.H. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9 of this Stipulation, petitioner, in her individual capacity, and as legal representative of E.H., on behalf of herself, E.H., and E.H.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.H.. resulting from, or alleged to have resulted from, the vaccinations administered to E.H. on or about July 10, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about July 21, 2017, in the United States Court of Federal Claims as petition No. 17-983V.

15. If E.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the any vaccine caused E.H.'s alleged ITP injury, or any other injury or condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns as legal representatives of E.H.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Casey Humphreys (Jun 27, 2022 08:33 CDT)*
**CASEY HUMPHREYS**

**ATTORNEY OF RECORD FOR PETITIONER:**

MARK T. SADAKA
Sadaka Associates LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5670

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.05.31 21:35:10 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and
  Services Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4136
Email: voris.johnson@usdoj.gov

Dated: 7/1/2022

6